NIXON
PEABODY

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

Thaddeus J. Stauber
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T 213.629.6053
F 866.877.2293
tstauber@nixonpeabody.com

June 12, 2023

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 13 2023

FILED_____
DOCKETED_____
DATE     INITIAL

Chief Justice Patricia Guerrero
and the Associate Justices
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102-4797

Re: *Cassirer et al. v. Thyssen-Bornemisza Collection Foundation, an agency or instrumentality of the Kingdom of Spain*
Ninth Circuit Court of Appeals Case No. 19-55616
Supreme Court Case No. S280128
<u>Letter in Opposition to Order Certifying Question</u>

To The Honorable Chief Justice and the Associate Justices of the Supreme Court:

We are counsel to the Thyssen-Bornemisza Collection Foundation (the "Foundation") in the above referenced matter. On May 22, 2023, the United States Court of Appeals for the Ninth Circuit issued an Order certifying a question to the California Supreme Court. On behalf of the Foundation, pursuant to Rule of Court 8.548(e), and for the reasons discussed below, we submit this letter in opposition to the request.

The question presented concerns the proper application of California's well-established choice-of-law test and petitioners' admonition that this court should deviate from the straightforward application of the test. This case was originally filed in the U.S. District Court for the Central District of California in 2005 against the Kingdom of Spain ("Spain") and the Foundation, later found to be an agency or instrumentality of Spain. The Ninth Circuit previously found that an exception to the Foreign Sovereign Immunity Act, 28 U.S.C. §1330 et seq. ("FSIA") applies to permit jurisdiction over the Foundation.[1] *See Cassirer v. Kingdom of Spain* (C.D. Cal. 2006) 461 F. Supp. 2d 1157, 1177, *aff'd in part, rev'd in part* (9th Cir. 2009), 580 F.3d 1048, *on reh'g en banc* (9th Cir. 2010), 616 F.3d 1019; *aff'd in part, dism. in part* (9th Cir. 2010) 616 F.3d 1019; *see also*, 28 U.S.C. § 1330 *et seq.* The Foundation purchased 773 artworks in 1993—including the subject painting—in a public purchase with Spanish public funds and pursuant to a Spanish Royal decree after an extensive and documented international due diligence process. Since the Foundation's purchase, the subject painting—and the Foundation's ownership—has been on public display.[2]

In cross motions for summary judgment, the district court was asked to determine whether Spanish or California law applied to determine whether the Foundation owns the artwork, claimed by petitioners' predecessors for the first time in 2000. Recognizing a split of decision among the federal circuits as to whether federal common law or California's choice-of-law test should govern a case where the FSIA alone provided jurisdiction, Judge Walter analyzed both tests and determined that the Restatement and California's governmental interest test both advocated that Spanish law must be applied to determine the

---

[1] A recent U.S. Supreme Court decision calls into question whether any U.S. court can exercise subject matter jurisdiction over a sovereign's domestic taking. *See Federal Republic of Germany v. Philipp* (2021) 141 S.Ct. 703, 715 ("Claims concerning Nazi-era art takings could be brought under the expropriation exception where the claims involve the taking of a *foreign* national's property.") (emphasis added).

[2] In fact, the painting has been on display since 1992, when the painting came to the Foundation as part of a loan from the Baron Thyssen-Bornemisza, whose ownership of the painting was publicly known since 1976. The painting was located in Spain when the Foundation purchased it from the Baron.

4861-8731-5047.5

June 12, 2023
Page 2

painting's ownership. *See Cassirer v. Thyssen-Bornemisza Collection Found.* (C.D. Cal. 2015) 153 F. Supp. 3d 1148, 1154 (C.D. Cal. 2015), *rev'd and remanded* (9th Cir. 2017) 862 F.3d 951.

Judge Walter's reasoned determination that Spanish law must be applied to determine ownership makes sense. The claimed property is located in Spain, the Foundation acquired the property for public display in Spain pursuant to a Spanish Royal decree and using Spanish public funds, the Foundation has publicly displayed the property as the owner since 1993, and all key events took place in Spain or other non-California jurisdictions. For example, the painting was taken from Lily Cassirer Neubauer by Germany in 1942. After the war, Ms. Cassirer Neubauer litigated the ownership of the painting, along with two other works, in the Court of High Restitution Appeals of the Allied High Commission while a resident of England. And Ms. Cassirer Neubauer received payments from a 1958 settlement of her claims while residing in Ohio. Indeed, it is not disputed that Ms. Cassirer Neubauer, the individual from whom the painting was taken, has no connection to California whatsoever. The only connection this case has to California – indeed the sole basis for California's purported "interest" in this action – is tied to Ms. Cassirer Neubauer's grandson's decision to move from Ohio to California when he retired in 1980.

In other words, California's interest in this case is premised not on an injury that occurred within its borders – and not on an injury that occurred to a California citizen outside its borders – but an injury that occurred in Germany eighty years ago, decades before there was any connection between the facts or parties to this action and California. Conversely, as Spain has stated in four separate amicus briefs, most recently in 2022, it has a strong interest in having Spanish substantive property law apply to this dispute, which concerns property located in Spain since 1992 that was purchased in Spain with Spanish public funds. And Spanish entities (and other entities and individuals conducting business in Spain) have strong interests and settled expectations that Spanish laws will apply to public business transactions that occur within Spain's borders.

Judge Walter's well-reasoned decision to apply Spanish law and his factual findings were affirmed by the Ninth Circuit; however, the Ninth Circuit only applied the Restatement choice-of-law test. *Cassirer v. Thyssen-Bornemisza Collection Found.* (9th Cir. 2017) 862 F.3d 951, 963. The case then proceeded to a full trial on the merits. Applying Spanish law, Judge Walter ruled in favor of the Foundation; that ruling was unanimously affirmed by the Ninth Circuit. *See Cassirer v. Thyssen-Bornemisza Collection Found.* (C.D. Cal. Apr. 30, 2019) 2019 WL 13240413, at *9, *aff'd* (9th Cir. 2020) 824 Fed. Appx. 452, *vacated and remanded* (Apr. 21, 2022) 212 L.Ed.2d 451.

The U.S. Supreme Court later reversed on the narrow and singular ground that California's choice-of-law test should have been used. In doing so, the Supreme Court made no comment calling into question Judge Walter's findings or the Ninth Circuit's ability to properly apply California's choice-of-law test. Tellingly, the Supreme Court offered no suggestion that petitioners were entitled to a revised or targeted choice-of-law test beyond the straightforward test previously articulated by this Court in *McCann v. Foster Wheeler LLC* (Cal. 2010) 48 Cal. 4th 68, 105 Cal. Rptr. 3d 378, 225 P.3d 516 and other clearly reasoned decisions.

In the Foundation's briefing to the Ninth Circuit on this issue, it explained that California's governmental interest choice-of-law test is well established by controlling precedent, and that the federal trial and appellate courts in this State have applied the test properly and without issue on numerous occasions. 9th Cir. Case No. 19-55616 Dkt. 104, Opposition at 4-6. The panel in this very case had no issue identifying the controlling precedent, or the relevant factors for the choice-of-law test. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 12. Indeed, the majority found no fault with Judge Walter's application of California's choice-of-law test. Yet, over strong dissent from Justice Carlos Bea, the majority balked at the third step of California's choice-of-law test, and instead asked this Court not for clarification on the test's application, but to make the substantive determination as to whether Spain's or California's interest would be more impaired if Spanish law was applied. The panel majority's request does not have broad application and would have little, if any, impact on the state court's caseload. *Cf. Vazquez v. Jan-Pro*



June 12, 2023
Page 3

*Franchising Int'l, Inc.* (9th Cir. 2019) 939 F.3d 1045, 1048 (recognizing that "whether the issue is new, substantial, and of broad application" is an important consideration when deciding whether to grant certification"). The narrow and case-specific request should be rejected.

### Controlling Precedent Readily Applied by District Court and Ninth Circuit

Certification is not necessary or warranted because there is substantial controlling precedent. This is evident even in the majority's decision and request to certify: "The California Supreme Court has indicated that the governmental interest test is 'the appropriate general methodology for resolving choice-of-law questions' in California." 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 12; *see also* [line of cases including *McCann*]. The majority's contrary position—that it cannot rule on this case because it found no California cases "involving the allocation of title to stolen personal property"—is not well-supported. This Court has never opined that the governmental interest test can only be used in cases involving out-of-state personal injury. Nor has any other court or judge that ruled in this matter ever stated that California's well-established governmental interest is ill-suited for the facts of this case. The governmental interest test, as applied in numerous cases before, can also be used in this case, as Judge Walter and Justice Bea made clear. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 67 ("The delay is needless. The answer is obvious; California choice-of-law principles require application of Spanish law.").

In addition, certification is not necessary or warranted because, as Judge Walter found, Spanish law will apply regardless of which choice-of-law test is used. No Court has criticized Judge Walter's application of California's choice-of-law test. Not even the majority that issued the Order certifying this question found fault with Judge Walter's reasoning or conclusion – in fact it unanimously affirmed his trial court findings and rulings. The question will not impact the outcome.

Pursuant to Rule of Court 8.548(a), the request should be rejected.

### Forum Shopping with Heightened FSIA and Comity Concerns

Furthermore, the question presented by the Ninth Circuit would have this Court decide the ultimate question – which law to apply. This is not appropriate. The Ninth Circuit cannot pass its responsibility to this Court to apply the facts to the law. This is true in any case, but especially so where the defendant is an agency of a foreign sovereign that is expressly entitled to have disputes resolved in federal court. 28 U.S.C. § 1330(a). A foreign sovereign, and its agencies and instrumentalities, are entitled to protections from possible forum shopping. This is clear in the FSIA, which provided the sole basis for jurisdiction over the Foundation in this case. Concerns over forum shopping are not just theoretical—petitioners' counsel stated clearly their belief that this Court was likely to rule in their favor. Justice Bea highlighted this issue in this dissent. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 65-66 (*quoting* plaintiffs' counsel: "We want you to certify because we are pretty confident [about] what the California Supreme Court is going to do.").

A review of certified questions from the Ninth Circuit to this Court failed to turn up any decision where the defendant was a foreign sovereign, and only one case that involved a foreign sovereign's agency or instrumentality. *See California ex rel. RoNo, LLC v. Altus Finance S.A.* (9th Cir. 2003) 334 F.3d 920. That case was brought by the California attorney general and concerned foreign ownership of a California insurance company and related California regulatory issues, and the certified questions were specific to actions taken by certain California state officials. *RoNo, LLC*, 334 F.3d at 922-24.

Not only do the rules of court weigh against certification, but comity also calls for the California Supreme Court to respectfully decline the Ninth Circuit's invitation and return this case to the proper forum – which is the very forum the original plaintiff filed this case in over seventeen (17) years ago.

4861-8731-5047.5

June 12, 2023
Page 4



### Alternatively, the Question Should Be Restated

In the alternative, if clarification of California's choice-of-law test is warranted because the majority cannot apply the test as articulated in numerous prior California Supreme Court decisions, the scope of the certification request must be limited to just that – clarification of the elements of the choice-of-law test which the Ninth Circuit must then apply. Pursuant to Rule of Court 8.548(e)(3), the certified question as framed by the Ninth Circuit should be restated as: "What are the elements of California's choice-of-law test for a conversion that occurred outside California and the United States, when no party was a California resident, and the jurisdiction of the current owner has long recognized that ownership of converted property can vest in an owner where the possessor had no actual knowledge of the original conversion and no claimant advanced an adverse ownership claim within the proscribed period?"

### Conclusion

For these reasons, as more fully stated in the Foundation's briefing before the Ninth Circuit and Justice Bea's dissenting opinion, the Foundation respectfully requests that this Court reject the request for certification. In the alternative, the question should be restated so as to only call for the appropriate choice-of-law test, which the Ninth Circuit would then apply.

Sincerely,

/s/Thaddeus J. Stauber

Thaddeus J. Stauber
Partner

TJS/hlg

4861-8731-5047.5

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 S. Grand Avenue, Suite 4100, Los Angeles, CA 90071-3151. On June 12, 2023, I served a copy of the within document(s):

**LETTER OF THYSSEN-BORNEMISZA COLLECTION FOUNDATION TO CALIFORNIA SUPREME COURT**

- ☐ **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

- ☒ **(BY COURIER)** by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

- ☐ **(PERSONAL DELIVERY)** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ **(BY E-MAIL)** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2023, at Los Angeles, California.

_____
Heidi Gutierrez

Service List

California Supreme Court Case No. S280128

| United States Court of Appeals for the Ninth Circuit<br><br>*Via FedEx* | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103-1526 |
|---|---|
| Counsel for Plaintiffs David Cassirer, Estate of Ava Cassirer, United Jewish Federation of San Diego County<br><br>*Via Mail and Email* | David Boies<br>Boies, Schiller & Flexner, LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>Andrew S. Brenner<br>Stephen Neal Zack<br>Rossana Baeza<br>Boies, Schiller & Flexner, LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33131<br>Email: abrenner@bsfllp.com<br>Email: szack@bsfllp.com<br>Email: rbaeza@bsfllp.com<br><br>David A. Barrett<br>Boies Schiller Flexner, LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Email: dbarrett@bsfllp.com<br><br>Laura W. Brill<br>Kendall Brill & Kelly, LLP<br>10100 Santa Monica Boulevard, Suite 1725<br>Los Angeles, CA 90067<br>Email: lbrill@kbkfirm.com<br><br>Devin Freedman<br>Freedman Normand Friedland, LLP<br>1 SE 3rd Avenue, Suite 1240<br>Miami, FL 33131<br>Email: vel@fnf.law<br><br>Samuel J. Dubbin<br>Samuel J Dubbin, PA<br>1200 Anastasia Avenue. Suite 300<br>Coral Gables, FL 33134<br>Email: sdubbin@dubbinkravetz.com |



DELAROSAF7756

DELAROSAF7756

Letter to CA Supreme Court.pdf

23/06/12   17:11

Xerox® AltaLink® C8070 MFP

NIXON
PEABODY

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

Thaddeus J. Stauber
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T. 213.629.6053
F. 866.877.2293
tstauber@nixonpeabody.com

June 12, 2023

Chief Justice Patricia Guerrero
and the Associate Justices
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102-4797

Re: *Cassirer et al. v. Thyssen-Bornemisza Collection Foundation, an agency or instrumentality of the Kingdom of Spain*
Ninth Circuit Court of Appeals Case No. 19-55616
Supreme Court Case No. S280128
<u>Letter in Opposition to Order Certifying Question</u>

To The Honorable Chief Justice and the Associate Justices of the Supreme Court:

We are counsel to the Thyssen-Bornemisza Collection Foundation (the "Foundation") in the above referenced matter. On May 22, 2023, the United States Court of Appeals for the Ninth Circuit issued an Order certifying a question to the California Supreme Court. On behalf of the Foundation, pursuant to Rule of Court 8.548(e), and for the reasons discussed below, we submit this letter in opposition to the request.

The question presented concerns the proper application of California's well-established choice-of-law test and petitioners' admonition that this court should deviate from the straightforward application of the test. This case was originally filed in the U.S. District Court for the Central District of California in 2005 against the Kingdom of Spain ("Spain") and the Foundation, later found to be an agency or instrumentality of Spain. The Ninth Circuit previously found that an exception to the Foreign Sovereign Immunity Act, 28 U.S.C. §1330 *et seq.* ("FSIA") applies to permit jurisdiction over the Foundation.[1] *See Cassirer v. Kingdom of Spain* (C.D. Cal. 2006) 461 F. Supp. 2d 1157, 1177, *aff'd in part, rev'd in part* (9th Cir. 2009), 580 F.3d 1048, *on reh'g en banc* (9th Cir. 2010), 616 F.3d 1019; *aff'd in part, dism. in part* (9th Cir. 2010) 616 F.3d 1019; *see also*, 28 U.S.C. § 1330 *et seq.* The Foundation purchased 773 artworks in 1993—including the subject painting—in a public purchase with Spanish public funds and pursuant to a Spanish Royal decree after an extensive and documented international due diligence process. Since the Foundation's purchase, the subject painting—and the Foundation's ownership—has been on public display.[2]

In cross motions for summary judgment, the district court was asked to determine whether Spanish or California law applied to determine whether the Foundation owns the artwork, claimed by petitioners' predecessors for the first time in 2000. Recognizing a split of decision among the federal circuits as to whether federal common law or California's choice-of-law test should govern a case where the FSIA alone provided jurisdiction, Judge Walter analyzed both tests and determined that the Restatement and California's governmental interest test both advocated that Spanish law must be applied to determine the

---

[1] A recent U.S. Supreme Court decision calls into question whether any U.S. court can exercise subject matter jurisdiction over a sovereign's domestic taking. *See Federal Republic of Germany v. Philipp* (2021) 141 S.Ct. 703, 715 ("Claims concerning Nazi-era art takings could be brought under the expropriation exception where the claims involve the taking of a *foreign* national's property.") (emphasis added).

[2] In fact, the painting has been on display since 1992, when the painting came to the Foundation as part of a loan from the Baron Thyssen-Bornemisza, whose ownership of the painting was publicly known since 1976. The painting was located in Spain when the Foundation purchased it from the Baron.

4861-8731-5047.5

June 12, 2023
Page 2

painting's ownership. *See Cassirer v. Thyssen-Bornemisza Collection Found.* (C.D. Cal. 2015) 153 F. Supp. 3d 1148, 1154 (C.D. Cal. 2015), *rev'd and remanded* (9th Cir. 2017) 862 F.3d 951.

Judge Walter's reasoned determination that Spanish law must be applied to determine ownership makes sense. The claimed property is located in Spain, the Foundation acquired the property for public display in Spain pursuant to a Spanish Royal decree and using Spanish public funds, the Foundation has publicly displayed the property as the owner since 1993, and all key events took place in Spain or other non-California jurisdictions. For example, the painting was taken from Lily Cassirer Neubauer by Germany in 1942. After the war, Ms. Cassirer Neubauer litigated the ownership of the painting, along with two other works, in the Court of High Restitution Appeals of the Allied High Commission while a resident of England. And Ms. Cassirer Neubauer received payments from a 1958 settlement of her claims while residing in Ohio. Indeed, it is not disputed that Ms. Cassirer Neubauer, the individual from whom the painting was taken, has no connection to California whatsoever. The only connection this case has to California – indeed the sole basis for California's purported "interest" in this action – is tied to Ms. Cassirer Neubauer's grandson's decision to move from Ohio to California when he retired in 1980.

In other words, California's interest in this case is premised not on an injury that occurred within its borders – and not on an injury that occurred to a California citizen outside its borders – but an injury that occurred in Germany eighty years ago, decades before there was any connection between the facts or parties to this action and California. Conversely, as Spain has stated in four separate amicus briefs, most recently in 2022, it has a strong interest in having Spanish substantive property law apply to this dispute, which concerns property located in Spain since 1992 that was purchased in Spain with Spanish public funds. And Spanish entities (and other entities and individuals conducting business in Spain) have strong interests and settled expectations that Spanish laws will apply to public business transactions that occur within Spain's borders.

Judge Walter's well-reasoned decision to apply Spanish law and his factual findings were affirmed by the Ninth Circuit; however, the Ninth Circuit only applied the Restatement choice-of-law test. *Cassirer v. Thyssen-Bornemisza Collection Found.* (9th Cir. 2017) 862 F.3d 951, 963. The case then proceeded to a full trial on the merits. Applying Spanish law, Judge Walter ruled in favor of the Foundation; that ruling was unanimously affirmed by the Ninth Circuit. *See Cassirer v. Thyssen-Bornemisza Collection Found.* (C.D. Cal. Apr. 30, 2019) 2019 WL 13240413, at *9, *aff'd* (9th Cir. 2020) 824 Fed. Appx. 452, *vacated and remanded* (Apr. 21, 2022) 212 L.Ed.2d 451.

The U.S. Supreme Court later reversed on the narrow and singular ground that California's choice-of-law test should have been used. In doing so, the Supreme Court made no comment calling into question Judge Walter's findings or the Ninth Circuit's ability to properly apply California's choice-of-law test. Tellingly, the Supreme Court offered no suggestion that petitioners were entitled to a revised or targeted choice-of-law test beyond the straightforward test previously articulated by this Court in *McCann v. Foster Wheeler LLC* (Cal. 2010) 48 Cal. 4th 68, 105 Cal. Rptr. 3d 378, 225 P.3d 516 and other clearly reasoned decisions.

In the Foundation's briefing to the Ninth Circuit on this issue, it explained that California's governmental interest choice-of-law test is well established by controlling precedent, and that the federal trial and appellate courts in this State have applied the test properly and without issue on numerous occasions. 9th Cir. Case No. 19-55616 Dkt. 104, Opposition at 4-6. The panel in this very case had no issue identifying the controlling precedent, or the relevant factors for the choice-of-law test. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 12. Indeed, the majority found no fault with Judge Walter's application of California's choice-of-law test. Yet, over strong dissent from Justice Carlos Bea, the majority balked at the third step of California's choice-of-law test, and instead asked this Court not for clarification on the test's application, but to make the substantive determination as to whether Spain's or California's interest would be more impaired if Spanish law was applied. The panel majority's request does not have broad application and would have little, if any, impact on the state court's caseload. *Cf. Vazquez v. Jan-Pro*



June 12, 2023
Page 3

*Franchising Int'l, Inc.* (9th Cir. 2019) 939 F.3d 1045, 1048 (recognizing that "whether the issue is new, substantial, and of broad application" is an important consideration when deciding whether to grant certification"). The narrow and case-specific request should be rejected.

### Controlling Precedent Readily Applied by District Court and Ninth Circuit

Certification is not necessary or warranted because there is substantial controlling precedent. This is evident even in the majority's decision and request to certify: "The California Supreme Court has indicated that the governmental interest test is 'the appropriate general methodology for resolving choice-of-law questions' in California." 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 12; *see also* [line of cases including *McCann*]. The majority's contrary position—that it cannot rule on this case because it found no California cases "involving the allocation of title to stolen personal property"—is not well-supported. This Court has never opined that the governmental interest test can only be used in cases involving out-of-state personal injury. Nor has any other court or judge that ruled in this matter ever stated that California's well-established governmental interest is ill-suited for the facts of this case. The governmental interest test, as applied in numerous cases before, can also be used in this case, as Judge Walter and Justice Bea made clear. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 67 ("The delay is needless. The answer is obvious; California choice-of-law principles require application of Spanish law.").

In addition, certification is not necessary or warranted because, as Judge Walter found, Spanish law will apply regardless of which choice-of-law test is used. No Court has criticized Judge Walter's application of California's choice-of-law test. Not even the majority that issued the Order certifying this question found fault with Judge Walter's reasoning or conclusion – in fact it unanimously affirmed his trial court findings and rulings. The question will not impact the outcome.

Pursuant to Rule of Court 8.548(a), the request should be rejected.

### Forum Shopping with Heightened FSIA and Comity Concerns

Furthermore, the question presented by the Ninth Circuit would have this Court decide the ultimate question – which law to apply. This is not appropriate. The Ninth Circuit cannot pass its responsibility to this Court to apply the facts to the law. This is true in any case, but especially so where the defendant is an agency of a foreign sovereign that is expressly entitled to have disputes resolved in federal court. 28 U.S.C. § 1330(a). A foreign sovereign, and its agencies and instrumentalities, are entitled to protections from possible forum shopping. This is clear in the FSIA, which provided the sole basis for jurisdiction over the Foundation in this case. Concerns over forum shopping are not just theoretical—petitioners' counsel stated clearly their belief that this Court was likely to rule in their favor. Justice Bea highlighted this issue in this dissent. 9th Cir. Case No. 19-55616 Dkt. 126, Certification Order at 65-66 (*quoting* plaintiffs' counsel: "We want you to certify because we are pretty confident [about] what the California Supreme Court is going to do.").

A review of certified questions from the Ninth Circuit to this Court failed to turn up any decision where the defendant was a foreign sovereign, and only one case that involved a foreign sovereign's agency or instrumentality. *See California ex rel. RoNo, LLC v. Altus Finance S.A.* (9th Cir. 2003) 334 F.3d 920. That case was brought by the California attorney general and concerned foreign ownership of a California insurance company and related California regulatory issues, and the certified questions were specific to actions taken by certain California state officials. *RoNo, LLC*, 334 F.3d at 922-24.

Not only do the rules of court weigh against certification, but comity also calls for the California Supreme Court to respectfully decline the Ninth Circuit's invitation and return this case to the proper forum – which is the very forum the original plaintiff filed this case in over seventeen (17) years ago.

4861-8731-5047.5

June 12, 2023
Page 4



### Alternatively, the Question Should Be Restated

In the alternative, if clarification of California's choice-of-law test is warranted because the majority cannot apply the test as articulated in numerous prior California Supreme Court decisions, the scope of the certification request must be limited to just that – clarification of the elements of the choice-of-law test which the Ninth Circuit must then apply. Pursuant to Rule of Court 8.548(e)(3), the certified question as framed by the Ninth Circuit should be restated as: "What are the elements of California's choice-of-law test for a conversion that occurred outside California and the United States, when no party was a California resident, and the jurisdiction of the current owner has long recognized that ownership of converted property can vest in an owner where the possessor had no actual knowledge of the original conversion and no claimant advanced an adverse ownership claim within the proscribed period?"

### Conclusion

For these reasons, as more fully stated in the Foundation's briefing before the Ninth Circuit and Justice Bea's dissenting opinion, the Foundation respectfully requests that this Court reject the request for certification. In the alternative, the question should be restated so as to only call for the appropriate choice-of-law test, which the Ninth Circuit would then apply.

Sincerely,

/s/Thaddeus J. Stauber

Thaddeus J. Stauber
Partner

TJS/hlg

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 S. Grand Avenue, Suite 4100, Los Angeles, CA 90071-3151. On June 12, 2023, I served a copy of the within document(s):

**LETTER OF THYSSEN-BORNEMISZA COLLECTION FOUNDATION TO CALIFORNIA SUPREME COURT**

☐ **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ **(BY COURIER)** by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐ **(PERSONAL DELIVERY)** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ **(BY E-MAIL)** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2023, at Los Angeles, California.

_____
Heidi Gutierrez

Service List

California Supreme Court Case No. S280128

| United States Court of Appeals for the Ninth Circuit<br><br>*Via FedEx* | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103-1526 |
|---|---|
| Counsel for Plaintiffs David Cassirer, Estate of Ava Cassirer, United Jewish Federation of San Diego County<br><br>*Via Mail and Email* | David Boies<br>Boies, Schiller & Flexner, LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>Andrew S. Brenner<br>Stephen Neal Zack<br>Rossana Baeza<br>Boies, Schiller & Flexner, LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33131<br>Email: abrenner@bsfllp.com<br>Email: szack@bsfllp.com<br>Email: rbaeza@bsfllp.com<br><br>David A. Barrett<br>Boies Schiller Flexner, LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Email: dbarrett@bsfllp.com<br><br>Laura W. Brill<br>Kendall Brill & Kelly, LLP<br>10100 Santa Monica Boulevard, Suite 1725<br>Los Angeles, CA 90067<br>Email: lbrill@kbkfirm.com<br><br>Devin Freedman<br>Freedman Normand Friedland, LLP<br>1 SE 3rd Avenue, Suite 1240<br>Miami, FL 33131<br>Email: vel@fnf.law<br><br>Samuel J. Dubbin<br>Samuel J Dubbin, PA<br>1200 Anastasia Avenue. Suite 300<br>Coral Gables, FL 33134<br>Email: sdubbin@dubbinkravetz.com |