**NIXON PEABODY**

Nixon Peabody LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

**Thaddeus J. Stauber**
Partner

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

T / 213.629.6053
F / 866.877.2293
tstauber@nixonpeabody.com

June 22, 2023

Chief Justice Patricia Guerrero
and the Associate Justices
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102-4797

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 23 2023

FILED _____
DOCKETED _____
DATE _____ INITIAL

Re:  *Cassirer et al. v. Thyssen-Bornemisza Collection Foundation, an agency or instrumentality of the Kingdom of Spain*
Ninth Circuit Court of Appeals Case No. 19-55616
Supreme Court Case No. S280128
Reply Letter Opposing Certification

To The Honorable Chief Justice and the Associate Justices of the Supreme Court:

Pursuant to Rule of Court 8.548(e)(2), and on behalf of defendant Thyssen-Bornemisza Collection Foundation (the "Foundation"), we submit this reply letter opposing certification of the question issued by the Ninth Circuit. Plaintiff and various *amici* filed letters supporting certification on June 12, 2023.

Those letters not only advocate for accepting certification, they also argue for this Court to summarily hold that California substantive law should be applied to this dispute. The letters contend California law should apply because California has an interest in resolving claims for art stolen during World War II. The letters also point to international agreements signed by the United States, such as the Washington Principles, as evidence of California's interest. The letters further contend that because California does not allow a purchaser to acquire title to stolen moveable property, its laws would be more impaired than Spain's laws, which under certain circumstances *do* allow acquisition of good title to stolen property.

Plaintiffs and their *amici* point to California Code of Civil Procedure Section 338(c)(3), which extended the statute of limitations for claims against museums to recover stolen artwork, as *evidence* that California has a greater interest than Spain in this Holocaust-era stolen art claim. But California's procedural law was intentionally not focused on Holocaust-era taken property claims. For good reason.

In *Von Saher v. Norton Simon Museum of Art at Pasadena* (9th Cir. 2010) 592 F.3d 954, the Ninth Circuit recognized that Section 354.3, the precursor to Section 338(c)(3), was preempted because it established a cause of action and remedy for Holocaust-era property claims. *Von Saher*, at 966. Because Section 354.3 "at its core, concerns restitution for injuries inflicted by the Nazi regime during World War II," *id.* at 967, the Ninth Circuit recognized that Section 354.3 was preempted by the federal government's foreign affairs power. *Id.*, at 965-67; see also *American Ins. Assoc. v. Garamendi* (2003) 539 U.S. 396, 413-14 (invalidating a California statute which conflicted with foreign policy). To avoid federal pre-emption, Section 338(c)(3) was drafted with more generic terms: "an action for the specific recovery of a work of fine art brought against a museum, gallery, auctioneer, or dealer[.]" Cal. Code Civ. P. § 338(c)(3)(A). The Ninth Circuit confirmed that Section 338(c)(3) was a statute of general application that did not target claims for Holocaust-era artwork and, therefore, did not intrude into the area of foreign affairs. See *Cassirer v. Thyssen-Bornemisza Collection Found.* (9th Cir. 2013) 737 F.3d 613, 618-19. Moreover, in this matter, the Plaintiffs affirmatively asserted to the Ninth Circuit that they are merely "pursuing 'garden variety' common-law property claims[.]" Brief of Appellant at 26 n.7, *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. 12-56159, 2012 WL 6655991, at *26 n.7 (9th Cir. Dec. 17, 2012).

4878-9097-9435.4

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

June 22, 2023
Page 2

The present attempt by Plaintiffs to rely on Section 338(c)(3) as evidence of California's interest in Holocaust-era injuries ignores the prohibition against California, or any individual state, intruding into the area of foreign affairs. Moreover, California's expressed interest in extending the limitations period for stolen art claims cannot be impaired in this case because the extended limitation was already applied and allowed Plaintiffs to pursue their claims up to, and including, a trial on the merits.

Plaintiff and *amici* omit important details about Spanish law and suggest their claims were doomed from the start under Spanish law. But, as recognized by the Ninth Circuit, there was a path to victory for Plaintiffs under Spanish law. The panel, in fact, provided Plaintiffs with a detailed road map in its 2017 decision, tempering the district court's initial determination that the Foundation was the owner under Spanish law:

> The district court correctly determined that Spain's substantive law determines whether [the Foundation] can claim title to the Painting via acquisitive prescription. However, we conclude that the district court interpreted Spain Civil Code Article 1956 too narrowly. An *encubridor* within the meaning of Article 1956 can include someone who, with knowledge that the goods had been stolen from the rightful owner, received stolen goods for his personal benefit. Since there is a genuine dispute of material fact whether [the Foundation] knew the Painting had been stolen when [the Foundation] acquired the Painting from the Baron, the district court erred in granting summary judgment in favor of [the Foundation] on the basis of Spain's law of acquisitive prescription since the longer period for an *encubridor* to acquire title had not yet run when the Cassirers brought this action for restitution of the Painting.

*Cassirer v. Thyssen-Bornemisza Collection Found.* (9th Cir. 2017) 862 F.3d 951, 981.

At trial, however, the Plaintiffs lost because the evidence did not support their theory. The district court found that the Foundation lacked actual knowledge the Painting had been stolen throughout the six-year prescriptive period, after which the painting's title vested in the Foundation, and any adverse claim to the painting was extinguished. The Plaintiffs' loss at trial, under Spanish law, is not a basis to now hold that a different jurisdiction's substantive laws should apply.

Nor is Spanish law rendered objectionable because it has long recognized that title can be acquired through acquisitive prescription principles. The State of Louisiana has the same legal concept, as do many other countries, including important US allies. *See, e.g.*, Louisiana Civil Code Art. 3489 ("Ownership and other real rights in movables may be acquired either by the prescription of three years or by the prescription of ten years"); Argentina Civil Code Art. 1902; French Civil Code Art. 2272; Italian Civil Code Art. 1161. Indeed, the doctrine of acquisitive prescription has been adopted in at least 200 jurisdictions "and dates back to Roman law." Chang, Yun-Chien, *Adverse Possession Laws in 203 Jurisdictions: Proposals for Reform*, 43 U. Pa. J. Int'; L. 373, 376 (2022).

The Terezin Declaration, which Plaintiffs rely on, made clear that "different legal traditions" must be taken into account in the international effort to facilitate "just and fair solutions" based on the "facts and merits" of claims for Nazi looted art.[1] The mere fact that California and Spanish law diverge on the issue of acquisitive prescription is not reason to apply one over the other; a conflict in laws is simply the first prerequisite to any choice-of-law analysis. Nor should the fact that one set of laws produces a certain result in a certain case permit one law to be chosen over another. Plaintiffs' invitation to apply California law because it achieves a better result for them, is expressly forbidden. *See McCann v. Foster Wheeler LLC*, (2010) 48 Cal. 4th 68, 97, 225 P.3d 516, 534 ("[O]ur task is not to determine whether the Oklahoma rule or the California rule is the better or worthier rule, but rather to decide—in light of the legal question

---

[1] https://www.state.gov/prague-holocaust-era-assets-conference-terezin-declaration/

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

June 22, 2023
Page 3

at issue and the relevant state interests at stake—which jurisdiction should be allocated the predominating lawmaking power under the circumstances of the present case.")

### California's Interest Is Based on a Fortuitous Retirement Unconnected to the Facts of Case

Stepping back, it is worth recalling that California has an interest in *this* case *only* because Claude Cassirer chose to leave Ohio to retire in San Diego in 1980. In *McCann*, this Court held that a similar decision by Terry McCann to move to California was insufficient basis to apply California law to his claims for personal injury suffered in Oklahoma. *See* 48 Cal. 4th at 76, 225 P.3d at 519. The district court properly applied *McCann* in its detailed examination and application of California's choice-of-law test:

> If Spain's interest in the application of its law were subordinated to California's interest, it would rest solely on the fortuitous decision of Lilly's successor-in-interest to move to California long after the Painting was unlawfully taken by the Nazis and the fact that he happened to reside there at the time the Foundation took possession of the Painting. Subjecting a defendant within Spain to a different rule of law based on the unpredictable choice of residence of a successor-in-interest would significantly undermine Spain's interest in certainty of title. *Cf. McCann*, 48 Cal.4th at 98, 105 Cal. Rptr. 3d 378, 225 P.3d 516 ("Because a commercial entity protected by the Oklahoma statute of repose has no way of knowing or controlling where a potential plaintiff may move in the future, subjecting such a defendant to a different rule of law based upon the law of a state to which a potential plaintiff ultimately may move would significantly undermine Oklahoma's interest in establishing a reliable rule of law governing a business's potential liability for conduct undertaken in Oklahoma.")

*Cassirer v. Thyssen-Bornemisza Collection Found.*, 153 F. Supp. 3d 1148, 1159 (C.D. Cal. 2015), rev'd and remanded, 862 F.3d 951 (9th Cir. 2017).

The suggested application of California law to strip a foreign sovereign museum's vested rights to property located in Madrid, Spain (where it has been since 1992) conflicts with California precedent. *McCann*, 48 Cal. 4th at 76. Such use of California law also runs afoul of bedrock limitations on extra-territorial application of state law, as the U.S. government acknowledged in its *amicus* brief to the U.S. Supreme Court: "there could be instances in which a State's choice-of-law rules were hostile to or improperly dismissive of a foreign state's interests—especially its interests in regulating certain matters within its own territory—that state law should not control." *Amicus Brief of the United States*, at 21, citing *Lauritzen v. Larsen* (1953) 345 U.S. 571, 590-591 (the Constitution limits a State's ability "to draw into control of its law otherwise foreign controversies, on slight connections, because it is a forum state"); *Allstate Ins. Co. v. Hague* (1981) 449 U.S. 302, 304 (recognizing that the Due Process Clause and the Full Faith and Credit Clause of the Constitution limit a State's ability to select a particular law under its choice-of-law analysis); *Healy v. The Beer Inst.* (1989) 491 U.S. 324, 336 (recognizing Commerce Clause constraints on a State's ability to regulate activity that occurs outside its borders); and *Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797, 821 (explaining the Constitution does not permit a State to "take a transaction with little or no relationship to the forum and apply the law of the forum").

Here, there is no need for this Court to wade into fundamental Constitutional limitations on extra-territorial application of state law. *McCann* and its progeny provide more than sufficient guidance for the Ninth Circuit to apply California's well-established choice-of-law rules to Plaintiffs' "garden variety" claims. Accordingly, the factors for certification are not met: there is controlling precedent (*McCann*) and the decision will not determine the outcome as the district court has already shown that unbiased application of California's governmental interest test leads to selection of Spanish law.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

June 22, 2023
Page 4

Respectfully, for the reasons stated in Justice Bea's dissent, the Foundation's June 12, 2023, letter, and above, this Court should deny the request for certification. In the alternative, this Court should clarify the choice-of-law factors to apply to this and similar cases and send the case back to the Ninth Circuit to apply those factors to the facts as previously found by the district court.

Sincerely,

*/s/ Thaddeus J. Stauber*

Thaddeus J. Stauber
Partner

TJS/hlg

4878-9097-9435.4

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 S. Grand Avenue, Suite 4100, Los Angeles, CA 90071-3151. On June 22, 2023, I served a copy of the within document(s):

**REPLY LETTER OF THYSSEN-BORNEMISZA COLLECTION FOUNDATION TO CALIFORNIA SUPREME COURT**

- ☐ **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ **(BY MAIL)** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

- ☒ **(BY COURIER)** by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

- ☐ **(PERSONAL DELIVERY)** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ **(BY E-MAIL)** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 22, 2023, at Los Angeles, California.

*/s/ Heidi Gutierrez*
Heidi Gutierrez

## Service List

## California Supreme Court Case No. S280128

| | |
|---|---|
| United States Court of Appeals for the Ninth Circuit<br><br>*Via FedEx* | Office of the Clerk<br>James R. Browning Courthouse<br>U.S. Court of Appeals<br>95 Seventh Street<br>San Francisco, CA 94103-1526 |
| Counsel for Plaintiffs David Cassirer, Estate of Ava Cassirer, United Jewish Federation of San Diego County<br><br>*Via Mail and Email* | David Boies<br>Boies, Schiller & Flexner, LLP<br>333 Main Street<br>Armonk, NY 10504<br>Email: dboies@bsfllp.com<br><br>Andrew S. Brenner<br>Stephen Neal Zack<br>Rossana Baeza<br>Boies, Schiller & Flexner, LLP<br>100 SE 2nd Street, Suite 2800<br>Miami, FL 33131<br>Email: abrenner@bsfllp.com<br>Email: szack@bsfllp.com<br>Email: rbaeza@bsfllp.com<br><br>David A. Barrett<br>Boies Schiller Flexner, LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Email: dbarrett@bsfllp.com<br><br>Laura W. Brill<br>Kendall Brill & Kelly, LLP<br>10100 Santa Monica Boulevard, Suite 1725<br>Los Angeles, CA 90067<br>Email: lbrill@kbkfirm.com<br><br>Devin Freedman<br>Freedman Normand Friedland, LLP<br>1 SE 3rd Avenue, Suite 1240<br>Miami, FL 33131<br>Email: vel@fnf.law<br><br>Samuel J. Dubbin<br>Samuel J Dubbin, PA<br>1200 Anastasia Avenue. Suite 300<br>Coral Gables, FL 33134<br>Email: sdubbin@dubbinkravetz.com |