**No. 19-55616**

IN THE
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

DAVID CASSIRER, THE ESTATE OF AVA CASSIRER, AND
UNITED JEWISH FEDERATION OF SAN DIEGO COUNTY,
a California non-profit corporation,
*Plaintiffs-Appellants*,

v.

THYSSEN-BORNEMISZA COLLECTION FOUNDATION,
*Defendant-Appellee*.

---

Appeal from the United States District Court,
Central District of California, Case No. 2:05-cv-03549-JFW-E,
Honorable John F. Walter

---

## PLAINTIFFS-APPELLANTS' OPPOSED MOTION FOR LEAVE TO FILE OVERSIZED PETITION FOR REHEARING AND REHEARING EN BANC

---

### I.     Introduction

Plaintiffs-Appellants David Cassirer, *et al*., ("Petitioners") respectfully move under Ninth Circuit Rule 32-2 for leave to file a petition for rehearing and rehearing en banc in excess of the 4,200 word limit set forth in the Ninth Circuit Rule 40-1(a). The Cassirers' proposed petition contains 6,762 words.  Given the complexity and

importance of the issues at stake, the Cassirers request leave to file the simultaneously filed Petition with 2,562 words beyond the current limit.

In September 2020, Petitioners requested, and the Court granted, leave to file a petition for rehearing and rehearing en banc of 6,827 words addressed to the Court's affirmance of dismissal of the case. D.E. 66, 69. The Supreme Court subsequently granted certiorari and reversed on one of the issues presented in that petition. The current Petition addresses the Court's disposition on remand from the Supreme Court.

## II.     TBC's Position on the Motion

Counsel for the Cassirers has conferred with Counsel for Defendant-Appellee Thyssen-Bornemisza Collection via email. Declaration of Samuel J. Dubbin ¶ 3. Counsel responded that TBC does not consent and wishes to advise the Court that it does not intend to file a written opposition and leaves the matter to the Court's discretion. *Id*.

## III.    Statement

Petitioners request an expansion of the word limit to adequately address the immense complexity, and the enormous legal, social, and historic significance of the issues raised by the Panel's Decision of January 9, 2024, D.E. 151, 89 F.4th 1226.

The complexity and importance of the case are reflected in its history of almost two decades of litigation. It has been the subject of seven decisions by this

2

Court (including one en banc decision), a 2-1 decision certifying the California choice-of-law issue to the California Supreme Court (which was declined), multiple certiorari petitions, and a unanimous Supreme Court decision in 2022, reversing this Court's application of federal common law principles for choice-of-law to hold that Spanish substantive law applies.

The Decision is the first time an appellate court has applied California's choice-of-law principles to a multi-jurisdictional case involving looted art – or any stolen property. As the Court earlier acknowledged: "[W]e have found no California precedent applying this analysis in a case involving the allocation of title to stolen personal property, and the factors identified in other choice-of-law cases are not readily applicable." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554, 557 (9th Cir. 2023).

California's "governmental interests" test for choice-of-law requires extensive legal and factual analysis. Once it is established that there is a conflict in which each jurisdiction has an interest in applying its own law, the court must "carefully evaluate and compare the nature and strength" of each jurisdiction's interests "to determine which jurisdiction's interests would be more severely impaired if [its] law were not applied in the particular context presented by the case." *Kearney v. Salomon Smith Barney, Inc.,* 39 Cal.4th 95, 100, 108 (2006). The existing California choice-of-law cases engage in these detailed analyses, and Petitioners

3

necessarily must present similarly detailed analyses to show that the Decision's lengthy treatment of these precedents is mistaken, including important distinctions with respect to personal injury cases that are the primary precedents.

The crux of California law, embodied in the Legislature's 2010 amendment of California Code of Civil Procedure §338(c) is that (i) a thief cannot convey good title to stolen property; and (ii) the rightful owners of stolen artworks cannot be divested of title without *actual knowledge* of the work's whereabouts. A significant increase in the word limit is necessary to provide thorough analysis explaining the reasons the Decision erred in multiple respects in evaluating such interests against Spain's interest in certainty of title based on the concept of *constructive knowledge.*

The Decision draws extensively from the large record in this case. It asserts, for example, that TBC "possessed the Painting in good faith for over three years before the Cassirers brought suit." 89 F.4th at 1229 n.3. Petitioners need sufficient space to address the error in this counterfactual assertion, including to describe prior conflicting rulings by the district court and this Court.

Further, the Decision does not address important elements of the comparative impairment test, nor the rule under California's choice of law framework that the proponent of foreign law has the burden to show a compelling reason to displace California law. Additional space is needed to address these missing arguments.

The Decision also does not address the application of Federal laws, international agreements, and policies protecting the rights of the true owners of Nazi-looted art.  Considerable discussion is necessary to show that these authorities embody governmental interests that are subsumed in California law under the Supremacy Clause.  They substantially enhance the weight of California's interests that must be weighed under the choice-of-law rules.

Moreover, Spain is a signatory to many of the same international agreements which promote return of Nazi-looted artworks.  The Decision did not consider that these recent formal statements of Spain's governmental interests in returning Nazi-looted art neutralize the 1889 code provision adopting adverse possession for all stolen property.  Further, since this case involves only Nazi-looted art, the Decision overlooks that the number of transactions in Spain that might be affected by application of California law in this case is infinitesimal compared to the billions of sales transactions to which Spain's adverse possession law will continue to apply.

## IV.   Conclusion

The extent and complexity of the issues in this appeal create a substantial need for expanded word limits.  Petitioners respectfully request that the Court grant the motion for leave to file a Petition in excess of the word limit in Ninth Circuit Rule 40-1(a).

Dated:   February 22, 2024                    Respectfully submitted,

                                         /s/ *David A. Barrett*

DAVID BOIES                                   DAVID A. BARRETT
BOIES SCHILLER FLEXNER LLP                    BOIES SCHILLER FLEXNER LLP
333 Main Street                              55 Hudson Yards
Armonk, NY  10504                            New York, NY 10001
Tel:  (914) 749-8200                         Tel:  (212) 446-2300
Fax: (914) 749-8300                          Fax: (212) 446-2350

SAMUEL J. DUBBIN, P.A.                        LAURA W. BRILL
DUBBIN & KRAVETZ, LLP                         KENDALL BRILL & KELLY LLP
1200 Anastasia Avenue, Suite 300             10100 Santa Monica Blvd., Suite 1725
Coral Gables, FL 33134                       Los Angeles, CA  90067
Tel:  (305) 371-4700                         Tel:  (310) 556-2700
Fax: (305) 371-4701                          Fax: (310) 556-2705

BENJAMIN P. SOLOMON-SCHWARTZ                  STEPHEN N. ZACK
BOIES SCHILLER FLEXNER LLP                    ANDREW S. BRENNER
1401 New York Avenue, NW                      BOIES SCHILLER FLEXNER LLP
Washington, DC  20005                         100 S.E. 2nd Street, Suite 2800
Tel:  (202) 237-2727                          Miami, FL 33131
Fax: (202) 237-6131                           Tel:  (305) 539-8400
                                              Fax: (305) 539-1307

*Counsel for Plaintiffs-Appellants*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *David A. Barrett*
David A. Barrett

## <u>DECLARATION OF SAMUEL J. DUBBIN</u>

I, Samuel J. Dubbin, declare:

1. I am co-counsel for Plaintiffs-Appellants David Cassirer, *et al.* ("Cassirers" or "Petitioners"), in this action. I have personal knowledge of the facts contained in this declaration. If called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of the Cassirers' Motion for Leave to File Oversized Petition for Rehearing and Rehearing En Banc (the "Motion").

2. The reasons for the Petitioners' request to expand the word limit from 4,200 to 6,762 words for the Petition are set forth in detail in the attached Motion.

3. Counsel for the Cassirers has conferred with Counsel for Defendant-Appellee Thyssen-Bornemisza Collection via email. Counsel responded that TBC does not consent and wishes to advise the Court that it does not intend to file a written opposition and leaves the matter to the Court's discretion.

I declare under penalty of perjury that the foregoing is true and correct.


_____/s/ Samuel J. Dubbin_____
         Samuel J. Dubbin


Executed this 22nd day of February, 2024, at Miami, Florida.