No. 19-55616

In The
United States Court of Appeals for the Ninth Circuit

---

David Cassirer, The Estate Of Ava Cassirer, And
United Jewish Federation Of San Diego County,
a California non-profit corporation,
*Plaintiffs-Appellants*,

v.

Thyssen-Bornemisza Collection Foundation,
*Defendant-Appellee*.

_____

Appeal from the United States District Court,
Central District of California, Case No. 2:05-cv-03549-JFW-E,
Honorable John F. Walter
_____

**PLAINTIFFS-APPELLANTS' MOTION
FOR LEAVE TO FILE REPLY IN SUPPORT OF
PETITION FOR REHEARING AND REHEARING EN BANC**

---

**I.    Introduction**

Plaintiffs-Appellants David Cassirer, *et al*., ("Petitioners" or "the Cassirers") respectfully move under Fed.R.App.P. 27(a) for leave to file the attached Reply to the Response ("Opp.") of Defendant-Appellee Thyssen-Bornemisza Collection Foundation ("Respondent" or "TBC") to Petitioners' Petition for Rehearing and Rehearing En Banc ("Petition"). The Reply is needed to address several

developments that have occurred subsequent to the February 22, 2024 filing of the Petition, including some addressed by Respondent, as well as entirely new issues raised by Respondent, and its responses to the Petition itself. The attached proposed Reply contains 2,097 words. *Cf.* Ninth Circuit Rule 28.1-1(d) (replies limited to half the length of main briefs).

## II. TBC's Position on the Motion

Counsel for the Cassirers has conferred with Counsel for Respondent via email. Declaration of Samuel J. Dubbin ¶ 3. As of this filing, TBC's counsel has not responded. *Id*.

## III. Statement

Under Fed.R.App.P. 35(a), the Court "should rehear a case en banc when it is both of exceptional importance and the decision requires correction," including where "the interests of justice require that the decision be corrected." *Newdow v. U.S. Cong.*, 328 F.3d 466, 469-70 (9th Cir. 2003) (Reinhardt, J., concurring).

The Decision for which the Cassirers request rehearing and rehearing en banc granted TBC "good title" to an Impressionist masterpiece that no one disputes was looted by the Nazis from Lilly Cassirer. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 89 F.4th 1226, 1229-30 (9th Cir. 2024) ("Decision"). Lilly's grandson Claude lived in California from 1980 until his death in 2010, the time period during which TBC, an instrumentality of Spain, acquired and refused to return the Painting.

2

*Id.* at 1232. The Decision is not only inconsistent with California law, it is precluded by United Stated federal laws, policies, and international agreements.

      A.    **<u>Exceptional Importance</u>**. Respondent dismisses the exceptional importance of this case, arguing that is "simple" and "straightforward." Opp. at 5. It is not. In addition to the history of this case over a 19-year span, including six Ninth Circuit decisions and a unanimous 2022 U.S. Supreme Court decision reversing this Court's choice-of-law ruling, the case has drawn worldwide attention for its impact on California residents seeking to recover stolen art, and its momentous implications for U.S. and international law and policy concerning the rights of all victims to recover art and cultural artifacts looted in war or stolen in violation of international law. Petition at 8-10.

As the attached Reply shows, the exceptional importance of the case is also underscored by amicus submissions in support of Petitioners by the Monuments Men and Women Foundation; several of the most prominent Holocaust scholars and Jewish and Holocaust Survivor organizations; and the officially designated representatives of the Madrid and Spain Jewish communities. In addition, the Attorney General of California has filed two amicus briefs in the post-Supreme Court remand proceedings articulating the State's strong interests in the application of its law.

B.     **New Developments**.

1. **Secretary of State Blinken's March 5, 2024 Comments**.  The Decision does not address the application of Federal laws, policies, and international agreements protecting the rights of the true owners of Nazi-looted art, including the Washington Conference Principles on Nazi-Confiscated Art (1998) and the Terezin Declaration on Holocaust Era Assets and Related Issues (2009).  These agreements, to which Spain and the U.S. (and over 40 other countries) are parties, call for Nazi-looted art to be returned to its rightful owners. Petition at 13-14.

On March 5, 2024, two weeks after the Petition was filed, Secretary of State Antony Blinken announced that 22 nations had agreed to refinements to these agreements, entitled "Best Practices for the Washington Conference Principles on Nazi-Confiscated Art."[1]  According to Secretary Blinken, the "principles" were updated because "[t]oday, too many governments, museums, dealers, galleries, and individuals still resist restitution efforts… while heirs confront staggering legal and financial barriers as they go up against opponents whose resources vastly outmatch their own." *Id.*  He added that restitution of Nazi-confiscated art is critical to counter "Holocaust distortion and denial" and the rise of antisemitism. *Id.*

---

[1]    https://www.state.gov/secretary-of-state-antony-j-blinken-video-remarks-at-the-25th-anniversary-of-the-washington-principles-on-nazi-confiscated-art-and-best-practices-event/

4

The Cassirers' Reply is necessary not only to advise the Court about the U.S. Government's continuing and updated policies to achieve restitution of Holocaust victims' property, but also because TBC addressed the March 5 State Department announcements as supporting its argument that the Washington Principles and Terezin Declaration are of no consequence in this case because they are "non-binding." Opp. at 9-10.

**2. Spain's Ministry of Culture Public Statements**. The amicus brief filed on March 4, 2024 by the Spain and Madrid Jewish communities references a Spanish-language news article published on February 29, 2024. DE 160-2 at 18-19. It reports the new leadership of Spain's Ministry of Culture, which manages TBC and was appointed following Spain's hotly-contested general election in mid-2023, as stating that "the Ministry of Culture team 'considers that the case could have been handled differently within the framework of international agreements on seizures of works of art by the Nazi regime,'" and implying the Painting should be returned. *Id.* TBC does not address these matters, but since the Decision cites Spain's prior filings as "demonstrat[ing] a commitment to enforcing its acquisitive prescription laws," Decision, 89 F.4th at 1238, this apparent post-Petition change of position merits treatment in a Reply.

**3. Proposed California Legislation**. On March 28, 2024, California Assemblyman Jesse Gabriel and several colleagues introduced A.B. 2867,

5

legislation that would mandate application of California law as the rule of decision in stolen art cases such as this one. TBC's response criticizes the proposed legislation. Opp. at 15-18. The Cassirers' Reply addresses A.B. 2867, including a recent blogpost by prominent UC Davis Law Professor William Dodge explaining that the legislation is well within the Legislature's authority.[2]

      **C.**    **<u>New Issues Outside the Petition</u>**. TBC's Response argues that *Federal Republic of Germany v. Philipp*, 592 U.S. 169 (2021), affects subject matter jurisdiction. Opp. at 18-19. The Cassirers' Reply shows this new argument is meritless, and that fourteen months after *Philipp* was decided, and after the Cassirers' certiorari petition, merits brief, and the U.S. Government's amicus brief supporting the Cassirers all addressed *Philipp* and the lower courts' subject matter jurisdiction rulings, the Supreme Court found that it "is no longer at issue" that this action is "within the expropriation exception" of the FSIA, which establishes subject matter jurisdiction, and "the suit could go forward." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 111-12 (2022).

---

[2] https://tlblog.org/a-legislative-fix-for-the-cassirer-case/

## IV. Conclusion

For the foregoing reasons, Petitioners respectfully request that leave to file a Reply in support of their Petition for Rehearing and Rehearing En Banc be granted.

Dated: April 25, 2024                                  Respectfully submitted,

/s/ *David A. Barrett*

| | |
|---|---|
| DAVID BOIES | DAVID A. BARRETT |
| BOIES SCHILLER FLEXNER LLP | BOIES SCHILLER FLEXNER LLP |
| 333 Main Street | 55 Hudson Yards |
| Armonk, NY 10504 | New York, NY 10001 |
| Tel: (914) 749-8200 | Tel: (212) 446-2300 |
| | |
| SAMUEL J. DUBBIN, P.A. | STEPHEN N. ZACK |
| DUBBIN & KRAVETZ, LLP | BOIES SCHILLER FLEXNER LLP |
| 1200 Anastasia Avenue, Suite 300 | 100 S.E. 2nd Street, Suite 2800 |
| Coral Gables, FL 33134 | Miami, FL 33131 |
| Tel: (305) 371-4700 | Tel: (305) 539-8400 |

LAURA W. BRILL
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067
Tel: (310) 556-2700

*Counsel for Plaintiffs-Appellants*

## DECLARATION OF SAMUEL J. DUBBIN

I, Samuel J. Dubbin, declare:

1. I am co-counsel for Plaintiffs-Appellants David Cassirer, *et al.* ("Cassirers" or "Petitioners"), in this action. I have personal knowledge of the facts contained in this declaration. If called as a witness, I could and would competently testify to the matters set forth herein. I make this declaration in support of the Cassirers' Motion for Leave to File a Reply to Defendant-Appellee Thyssen-Bornemisza Collection Foundation's ("Respondent" or "TBC") Response to Petitioners' Petition for Rehearing and Rehearing En Banc ("Petition) (the "Motion").

2. The reasons for the Petitioners' request to file a Reply to TBC's Response are set forth in detail in the attached Motion.

3. I emailed Counsel for TBC requesting his client's consent to the Motion on April 23, 2024. As of the time of this filing, Counsel for TBC has not responded.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Samuel J. Dubbin*
Samuel J. Dubbin

Executed this 25th day of April, 2024, at Westport, Connecticut.