No. 19-55616

In The
United States Court of Appeals for the Ninth Circuit
_____

DAVID CASSIRER, *et al.*,

*Plaintiffs-Appellants*,

v.

THYSSEN-BORNEMISZA COLLECTION FOUNDATION,

*Defendant-Appellee*.
_____

Appeal from the United States District Court,
Central District of California, Case No. 2:05-cv-03549-JFW-E,
Honorable John F. Walter
_____

**PLAINTIFFS-APPELLANTS' MOTION
FOR REMAND TO THE DISTRICT COURT**
_____

On March 10, 2025, the Supreme Court of the United States entered an order which granted the petition for certiorari filed by Plaintiffs-Appellants David Cassirer, *et al.*, ("Cassirers"), vacated this Court's January 9, 2024 judgment, and remanded the case to this Court "for further consideration in light of Assem. Bill 2867, 2023–2024 Reg. Sess. (Cal. 2024)." A copy of the Supreme Court's order is

attached as Exhibit A. A copy of the recently enacted California statute, Assembly Bill 2867 ("AB 2867") is attached as Exhibit B.

The Cassirers respectfully request that upon receipt of the Supreme Court's mandate, which likely will occur on April 11, 2025, this Court issue an order vacating the judgment of the U.S. District Court for the Central District of California, and remanding to the district court to consider in the first instance the impact of AB 2867 on this case and, if warranted by application of the statute (as the Cassirers believe should occur), to enter judgment for Plaintiffs and fashion appropriate relief.[1]

In brief summary, California resident Claude Cassirer brought claims in the district court in 2005 to recover possession of *Rue Saint-Honoré, Afternoon, Rain Effect*, an 1897 oil painting by French Impressionist artist Jacob Abraham Camille Pissarro (the "Painting"). The Painting was looted by the Nazis from Claude's grandmother Lilly Cassirer in 1939 and is now in the possession of the Defendant-Appellee Thyssen-Bornemisza Collection Foundation ("TBC").

On August 17, 2020, this Court affirmed the district court's judgment, entered following a bench trial, which ruled in favor of TBC. *Cassirer v. Thyssen-*

---

[1] Counsel for Plaintiffs-Appellants contacted counsel for Defendant-Appellee via email on April 4 and April 6, 2025 to ascertain Defendant-Appellee's position with respect to the relief requested herein. As of this filing, Defendant's counsel has not responded.

2

*Bornemisza Collection Found.*, 824 F.App'x 452 (9th Cir. 2020) ("*Cassirer IV*"). As this Court had directed in an earlier decision, *Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951 (9th Cir. 2017) ("*Cassirer III*"), the district court based its decision on Spanish law. *Cassirer III* had held that federal common law, and not the law of the forum state, provides the choice-of-law rules to determine which substantive law to apply to resolve the Cassirers' state law claims under the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq.* ("FSIA"). The Supreme Court, however, vacated this Court's judgment, holding that in FSIA cases, the federal courts must apply the forum's choice of law rules—in this case California's—to determine the applicable substantive law. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107 (2022) ("*Cassirer V*").

This Court initially certified the choice-of-law issue to the California Supreme Court. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554 (9th Cir. 2023) ("*Cassirer VI*"). After that court declined the certification request, this Court held that under California choice-of-law rules, Spanish substantive law applies. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 89 F.4th 1226 (9th Cir. 2024) ("*Cassirer VII*"). This Court thereafter denied rehearing and rehearing en banc, with a lengthy dissenting statement by Judge Graber joined by Judge Paez. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 107 F.4th 882 (9th Cir. 2024) ("*Cassirer VIII*").

On August 15, 2024, a few weeks after the *Cassirer VIII* decision, the California Legislature unanimously passed AB 2867, which Governor Gavin Newsom signed into law on September 16, 2024.

AB 2867 enacted new §338(c)(6) of the California Code of Civil Procedure. As relevant here, this provision mandates that California substantive law applies in actions brought by California residents or their heirs to recover stolen artworks held by museums, or covered by the Federal Holocaust Expropriated Art Recovery Act (HEAR Act). It provides:

> (6) Notwithstanding any other law or prior judicial decision, in any action brought by a California resident, or by an heir, trustee, assignee, or representative of the estate of a California resident, involving claims relating to title, ownership, or recovery of personal property as described in paragraph (2) or (3) [involving, *inter alia*, stolen artwork], or in the Holocaust Expropriated Art Recovery Act of 2016 (HEAR) (Pub. L. No. 114-308), including claims for money damages, ***California substantive law shall apply***.

Ex. B, §2. (emphasis added).

By its express terms, the law applies to all actions pending on its effective date, "including any action in which the judgment is not yet final or the time for filing any appeal, including a petition for a writ of certiorari in the United States Supreme Court, has not expired, or, if filed, has not been decided." Ex. B, §2. The law became effective immediately upon approval by the Governor on September 16, 2024. Ex. B, §5. Accordingly, by its terms, AB 2867 applies to this case.

4

Under these circumstances, remand to the district court is appropriate. As noted, the statutory language is clear on its face that the new law applies to this case and requires application of California substantive law. The judgment in this case was not final on the date of enactment because, in September 2024, this Court's judgment was subject to appeal to the Supreme Court. Plaintiffs timely filed their certiorari petition on December 6, 2024, and the petition was granted and the case remanded for consideration of the new law on March 10, 2025. This case is an action brought by a California resident, Claude Cassirer, in 2005, and involves "claims relating to the title, ownership" against a museum, TBC, for a work of art that was admittedly stolen by the Nazis. Accordingly, application of California substantive law is required, and California law entitles the Cassirers to the entry of judgment in their favor. *See Cassirer VII*, 89 F.4th at 1229 & n.3 ("Under California law . . ., the plaintiff would recover the art while under Spanish law, the plaintiff would not.") ("[I]f California law applied, TBC would not have title to the Painting. The Cassirers . . . would have title.") (cleaned up).

In the course of this case, however, there has been no decision which addresses the appropriate remedies and form of judgment that should be entered in favor of the Cassirers. All prior decisions of this Court and the district court were premised on TBC retaining the Painting, and judgment was entered accordingly. With that judgment now vacated, the district court should serve its customary role

5

of determining in the first instance which party is entitled to judgment, including any factual issues which might arise in that context, and if Plaintiffs prevail, then determining what relief should be ordered. *See, e.g.*, *Long v. Bureau of Econ. Analysis*, 671 F.2d 1229, 1229 (9th Cir. 1982) ("The Supreme Court has vacated and remanded our initial disposition of this case . . . for reconsideration in light of the Economic Recovery Tax Act of 1981. Pursuant to this mandate, we vacate the district court judgment and remand the case to the district court for further consideration in light of the same statutory provision.") (cleaned up); *Delisle v. Speedy Cash*, 818 F.App'x 608, 610 (9th Cir. 2020) (vacating judgment and remanding to district court where new California statute "possibly impacts the [district court's] analysis").

For the foregoing reasons, Plaintiffs-Appellants respectfully request that the Court issue an Order remanding this action to the District Court to consider the application of AB 2867, enter judgment, and fashion appropriate remedies.

Dated:   April 7, 2025               Respectfully submitted,

                                     /s/ *David A. Barrett*
David Boies                          David A. Barrett
BOIES SCHILLER FLEXNER LLP           BOIES SCHILLER FLEXNER LLP
333 Main Street                      55 Hudson Yards
Armonk, NY  10504                    New York, NY 10001
Tel: (914) 749-8200                  Tel: (212) 446-2300

Samuel J. Dubbin, P.A.
DUBBIN & KRAVETZ, LLP
1200 Anastasia Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 371-4700

Laura W. Brill
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA 90067
Tel: (310) 556-2700

Stephen N. Zack
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, FL 33131
Tel: (305) 539-8400

Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *David A. Barrett*