# EXHIBIT B



# Assembly Bill No. 2867

## CHAPTER 257

An act to amend Section 388 of, and to add Section 338.2 to, the Code of Civil Procedure, relating to civil actions, and declaring the urgency thereof, to take effect immediately.

[Approved by Governor September 16, 2024. Filed with Secretary of State September 16, 2024.]

### LEGISLATIVE COUNSEL'S DIGEST

AB 2867, Gabriel. Recovery of artwork and personal property lost due to persecution.

Existing law provides that in the case of a theft of any article of historical, interpretive, scientific, cultural, or artistic significance, a cause of action is not deemed to have accrued until the discovery of the whereabouts of the article by the aggrieved party, the aggrieved party's agent, or a law enforcement agency. Existing law requires a civil action against a museum, gallery, auctioneer, or dealer for the recovery of works of fine art that were unlawfully taken or stolen, including a taking or theft by means of fraud or duress, to be commenced within 6 years of the actual discovery by the claimant or their agent of the identity and whereabouts of the work of fine art and information or facts that are sufficient to indicate that the claimant has a claim for a possessory interest in the work of fine art. Existing federal law, the Holocaust Expropriated Art Recovery Act of 2016, establishes a statute of limitation for claims to recover artwork and other property, as defined, stolen or misappropriated by the Nazis between 1933 and 1945.

This bill would provide that California substantive law shall apply in actions to recover fine art or an item of historical, interpretive, scientific, or artistic significance, including those covered by the Holocaust Expropriated Art Recovery Act of 2016, brought by a California resident or their heirs, as specified.

This bill would also permit a California resident or a representative of the estate of a California resident, as specified, to bring an action for damages or to recover artwork or personal property, as defined, that was stolen or otherwise lost as the result of political persecution. The bill would permit such actions to be brought within six years of the discovery of relevant facts, as provided. This bill would also permit those who discovered relevant facts prior to the effective date of this bill, to bring such actions within 6 years of the discovery of the relevant facts or within 2 years of the effective date of this bill, whichever is later. The bill would permit a cause of action previously dismissed on specified grounds to be brought again under these provisions within 2 years of either the effective date of the bill or the entry of final judgment and the termination of all appeals, whichever is later.

This bill would declare that it is to take effect immediately as an urgency statute.

*The people of the State of California do enact as follows:*

SECTION 1. (a) Under California law, a thief cannot convey good title to stolen works of art, and the true owner cannot be divested of ownership without actual discovery of their rights in, and the location and possessor of, the artwork.

(b) In 2010, the Legislature affirmed these principles when it rejected the holding of the Ninth Circuit Court of Appeals in Von Saher v. Norton Simon Museum (9th Cir. 2010) 592 F.3d 954, 969, that California law allowed theft victims' claims to be defeated based on "constructive" rather than actual discovery; amended Section 338 of the Code of Civil Procedure to allow an action to recover stolen art from a museum, gallery, auctioneer, or dealer to be filed within six years of actual discovery, and specifically defined "actual discovery" to exclude "any constructive knowledge imputed by law."

(c) The legislative history of paragraph (3) of subdivision (c) of Section 338 of the Code of Civil Procedure explained that the "imputation of 'constructive' discovery . . . does not lead to equitable results when works may be displayed anywhere in the world and traffickers engage in purposeful concealment"; approved judicial decisions that applied actual discovery and rejected constructive discovery in stolen property cases, such as Naftzger v. American Numismatic Soc'y (1996) 42 Cal. App. 4th, 421; and stated that the amendments reaffirmed the State's commitment "to the rule that a thief cannot convey good title, and that stolen art should be returned to its rightful, original owner."

(d) In a recent Ninth Circuit Court of Appeals decision, the court refused to credit California's laws and interests supporting owners of stolen art, including its rejection of "constructive discovery." The court in Cassirer v. Thyssen-Bornemisza Collection Foundation (9th Cir. 2024) 89 F.4th 1226, held that California's "governmental interests" test for choice of law required Spanish substantive law, not California law, to apply in a case by Claude Cassirer, a Holocaust survivor and long-time California resident, to recover an Impressionist masterpiece looted by the Nazis from his grandmother, and now held by a Spanish government-owned museum.

(e) The Cassirer court held under Spanish law that the museum acquired "good title" after three years of possession, even though Mr. Cassirer did not know the museum had the painting. In so doing, the court applied Spain's law of acquisitive prescription or adverse possession, which is based on the principle of constructive notice that the California courts and Legislature have rejected.

(f) Mandating California substantive law in stolen art cases will discourage art theft and trafficking in stolen art, and will encourage integrity and diligence in the art market. Further, mandating California substantive

law will draw a clear line of liability in litigation, eliminate costly defense tactics, and encourage settlements.

(g)  It is the intent of the Legislature to align California law with federal laws, policies, and international agreements, which prohibit pillage and seizure of works of art and cultural property, and call for restitution of seized property.

(h)  In 2016, the United States Congress cited and followed California law in enacting a national six-year statute of limitations based on actual discovery for claims for Nazi-looted art, in the Holocaust Expropriated Art Recovery (HEAR) Act. The HEAR Act's six-year discovery rule applies "notwithstanding . . . any defense at law relating to the passage of time." The provisions of this act mandating application of California substantive law will reinforce the HEAR Act's preclusion of defenses at law "relating to the passage of time."

(i)  It is the intent of the Legislature that California families (or heirs of Californians) whose art was looted based on persecution, including Holocaust survivors and heirs, who did not have an opportunity to bring those claims with the certainty that California law would supply the rule of decision, to be able to do so, and that the law apply retroactively for families who would be eligible to use the new law, but for whom the six-year limitations period would have already passed, or whose prior cases were rejected based on the defenses proscribed in Section 338.2 of the Code of Civil Procedure, to be added by Section 3 of this act.

(j)  The Legislature has the authority to mandate California substantive law as the rule of decision in specified matters, as indicated in California case law and Section 6(1), Restatement (Second), Conflict of Laws: "A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law."

(k)  This law effectuates California's established laws and public policies against theft and trafficking in stolen property; precluding a thief from passing good title to any subsequent purchaser of stolen property; protecting the rights of true owners to recover stolen artwork and other items of cultural property; and precluding the true owners of stolen property from being divested of title without actual knowledge of their rights in and the location of the property. This law aligns California law with federal laws, federal policies, and international agreements prohibiting pillage and seizure of works of art and cultural property and calling for restitution of seized property, as embodied in the Hague Convention of 1907 (and 1899), the UNESCO 1970 Convention on the Means of Prohibiting and Preventing the Illicit Import, Export and Transfer of Ownership of Cultural Property, the National Stolen Property Act of 1934, the Holocaust Victims Redress Act, the Holocaust Expropriated Art Recovery Act of 2016, and related federal executive branch policies and international agreements.

SEC. 2.  Section 338 of the Code of Civil Procedure is amended to read:

338.  Within three years:

(a)  An action upon a liability created by statute, other than a penalty or forfeiture.

(b) An action for trespass upon or injury to real property.

(c) (1) An action for taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property.

(2) The cause of action in the case of theft, as described in Section 484 of the Penal Code, of an article of historical, interpretive, scientific, or artistic significance is not deemed to have accrued until the discovery of the whereabouts of the article by the aggrieved party, the aggrieved party's agent, or the law enforcement agency that originally investigated the theft.

(3) (A) Notwithstanding paragraphs (1) and (2), an action for the specific recovery of a work of fine art brought against a museum, gallery, auctioneer, or dealer, in the case of an unlawful taking or theft, as described in Section 484 of the Penal Code, of a work of fine art, including a taking or theft by means of fraud or duress, shall be commenced within six years of the actual discovery by the claimant or the claimant's agent, of both of the following:

(i) The identity and the whereabouts of the work of fine art. In the case where there is a possibility of misidentification of the object of fine art in question, the identity can be satisfied by the identification of facts sufficient to determine that the work of fine art is likely to be the work of fine art that was unlawfully taken or stolen.

(ii) Information or facts that are sufficient to indicate that the claimant has a claim for a possessory interest in the work of fine art that was unlawfully taken or stolen.

(B) This paragraph shall apply to all pending and future actions commenced on or before December 31, 2017, including an action dismissed based on the expiration of statutes of limitations in effect prior to the date of enactment of this statute if the judgment in that action is not yet final or if the time for filing an appeal from a decision on that action has not expired, provided that the action concerns a work of fine art that was taken within 100 years prior to the date of enactment of this statute.

(C) For purposes of this paragraph:

(i) "Actual discovery," notwithstanding Section 19 of the Civil Code, does not include constructive knowledge imputed by law.

(ii) "Auctioneer" means an individual who is engaged in, or who by advertising or otherwise holds the individual out as being available to engage in, the calling for, the recognition of, and the acceptance of, offers for the purchase of goods at an auction as defined in subdivision (b) of Section 1812.601 of the Civil Code.

(iii) "Dealer" means a person who holds a valid seller's permit and who is actively and principally engaged in, or conducting the business of, selling works of fine art.

(iv) "Duress" means a threat of force, violence, danger, or retribution against an owner of the work of fine art in question, or the owner's family member, sufficient to coerce a reasonable person of ordinary susceptibilities to perform an act that otherwise would not have been performed or to acquiesce to an act to which the person would otherwise not have acquiesced.

(v) "Fine art" has the same meaning as defined in paragraph (1) of subdivision (d) of Section 982 of the Civil Code.

(vi) "Museum or gallery" shall include any public or private organization or foundation operating as a museum or gallery.

(4) Section 361 shall not apply to an action brought pursuant to paragraph (3).

(5) A party in an action to which paragraph (3) applies may raise all equitable and legal affirmative defenses and doctrines, including, without limitation, laches and unclean hands.

(6) Notwithstanding any other law or prior judicial decision, in any action brought by a California resident, or by an heir, trustee, assignee, or representative of the estate of a California resident, involving claims relating to title, ownership, or recovery of personal property as described in paragraph (2) or (3), or in the Holocaust Expropriated Art Recovery Act of 2016 (HEAR) (Pub. L. No. 114-308), including claims for money damages, California substantive law shall apply. This paragraph shall apply to all actions pending on the date this paragraph becomes operative or that are commenced thereafter, including any action in which the judgment is not yet final or the time for filing any appeal, including a petition for a writ of certiorari in the United States Supreme Court, has not expired, or, if filed, has not been decided.

(d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

(e) An action upon a bond of a public official except any cause of action based on fraud or embezzlement is not deemed to have accrued until the discovery, by the aggrieved party or the aggrieved party's agent, of the facts constituting the cause of action upon the bond.

(f) (1) An action against a notary public on the notary public's bond or in the notary public's official capacity except that a cause of action based on malfeasance or misfeasance is not deemed to have accrued until discovery, by the aggrieved party or the aggrieved party's agent, of the facts constituting the cause of action.

(2) Notwithstanding paragraph (1), an action based on malfeasance or misfeasance shall be commenced within one year from discovery, by the aggrieved party or the aggrieved party's agent, of the facts constituting the cause of action or within three years from the performance of the notarial act giving rise to the action, whichever is later.

(3) Notwithstanding paragraph (1), an action against a notary public on the notary public's bond or in the notary public's official capacity shall be commenced within six years.

(g) An action for slander of title to real property.

(h) An action commenced under Section 17536 of the Business and Professions Code. The cause of action in that case shall not be deemed to have accrued until the discovery by the aggrieved party, the Attorney General, the district attorney, the county counsel, the city prosecutor, or the city attorney of the facts constituting grounds for commencing the action.

(i) An action commenced under the Porter-Cologne Water Quality Control Act (Division 7 (commencing with Section 13000) of the Water Code). The

cause of action in that case shall not be deemed to have accrued until the discovery by the State Water Resources Control Board or a regional water quality control board of the facts constituting grounds for commencing actions under their jurisdiction.

(j) An action to recover for physical damage to private property under Section 19 of Article I of the California Constitution.

(k) An action commenced under Division 26 (commencing with Section 39000) of the Health and Safety Code. These causes of action shall not be deemed to have accrued until the discovery by the State Air Resources Board or by a district, as defined in Section 39025 of the Health and Safety Code, of the facts constituting grounds for commencing the action under its jurisdiction.

(*l*) An action commenced under Section 1602, 1615, or 5650.1 of the Fish and Game Code. These causes of action shall not be deemed to have accrued until discovery by the agency bringing the action of the facts constituting the grounds for commencing the action.

(m) An action challenging the validity of the levy upon a parcel of a special tax levied by a local agency on a per parcel basis.

(n) An action commencing under Section 51.7 of the Civil Code.

(o) An action commenced under Section 4601.1 of the Public Resources Code, if the underlying violation is of Section 4571, 4581, or 4621 of the Public Resources Code, or of Section 1103.1 of Title 14 of the California Code of Regulations, and the underlying violation is related to the conversion of timberland to nonforestry-related agricultural uses. These causes of action shall not be deemed to have accrued until discovery by the Department of Forestry and Fire Protection.

(p) An action for civil penalties commenced under Section 26038 of the Business and Professions Code.

SEC. 3. Section 338.2 is added to the Code of Civil Procedure, to read:

338.2. (a) A California resident, or an heir, trustee, assignee, or representative of the estate of a California resident, may bring an action for damages, other financial recovery, title, recovery, or ownership, of artwork or other personal property that was taken or otherwise lost as a result of political persecution.

(b) Notwithstanding any other law, actions brought pursuant to this section shall be commenced within six years of the actual discovery by the claimant or the claimant's agent, of both of the following:

(1) The identity and the whereabouts of the artwork or other personal property. Where there is a possibility of misidentification of the object in question, the identity can be satisfied by the identification of facts sufficient to determine that the artwork or other personal property is likely to be the artwork or other personal property that was unlawfully taken or stolen.

(2) Information or facts that are sufficient to indicate that the claimant has a claim for a possessory interest in the artwork or other personal property that was unlawfully taken or stolen.

(c) If a claimant had actual knowledge of the facts described in subdivision (b) prior to the enactment of this section, any action brought

Case: 19-55616, 04/07/2025, ID: 12926079, DktEntry: 182-3, Page 8 of 9 (8 of 9)

— 7 —                                Ch. 257

pursuant to this section shall be commenced within of six years of actual discovery or two years from the enactment of this section, whichever is later.

   (d)  For purposes of this section the following definitions shall apply:
   (1)  "Artwork or other personal property" means any of the following:
   (A)  Pictures, paintings, and drawings.
   (B)  Statuary art and sculpture.
   (C)  Engravings, prints lithographs, and other works of graphic art.
   (D)  Applied art and original artistic assemblages and montages.
   (E)  Books, archives, musical instruments, musical objects, and manuscripts, including musical manuscripts and sheets, and sound, photographic, and cinematographic archives and mediums.
   (F)  Sacred and ceremonial objects.
   (G)  Objects of cultural significance.
   (2)  "Political persecution" means persecution of a specific group of individuals based on their membership in a protected class under the state's Unruh Civil Rights Act (Section 51 of the Civil Code).
   (e)  Notwithstanding any other provision of law or prior judicial decision, in any action brought pursuant to this section or in the Holocaust Expropriated Art Recovery Act of 2016 (HEAR) (Pub. L. No. 114-308), California substantive law shall apply.
   (f)  In an action brought pursuant to this section, where an item specified in subdivision (d) is taken or lost as a result of political persecution, clear title is not conveyed to any subsequent purchaser or owner. Defenses that the defendant acquired the title in good faith, by acquisitive prescription, or by adverse possession, and the defense of laches do not apply to cases brought under this section.
   (g)  An action may be brought by a claimant who, prior to the enactment of this section, brought a claim to recover personal property that was stolen or lost due to political persecution, and the case was dismissed by a court based on any of the defenses listed in subdivision (f), or based on any procedural basis such as standing, personal jurisdiction, or subject matter jurisdiction. Any such actions shall be commenced within two years of the effective date of this section or the entry of a final judgment and the termination of all appeals, including any petition for a writ of certiorari, whichever is later.
   (h)  A prevailing plaintiff shall be entitled to reasonable attorney's costs and fees.
   SEC. 4.  The provisions of this Act are severable. If any provision of this section or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.
   SEC. 5.  This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the California Constitution and shall go into immediate effect. The facts constituting the necessity are:

**Ch. 257** — 8 —

In order to ensure that California law is applied as specified herein in any pending or future cases brought by California residents, it is necessary that this act take effect immediately.

O